Dear Honorable Prestridge:
Your request for an Attorney General opinion was forwarded to me for research and reply. You asked the following questions:
 (1) May the clerk of a city court keep backup digital records of criminal and civil records on an off-site computer server operated by a private company?
 (2) Under what conditions, if any, may criminal and civil records be sent out of the clerk's office for scanning into a digital format, or must the scanning take place within the clerk's office?
 (3) Once records are digitized and scanned, may a clerk of court print them from a computer and then certify them as true copies?
 (4) If the court allows computer access to its records by any other agencies or persons, must that access be limited to read-only, to insure that the records cannot be altered?
In answer to questions one and two, Louisiana Revised Statute44:40 provides that:
 (A) The several clerks of court . . . throughout the state, are hereby authorized at their option to make additional copies, by means of the microphographic process, of all original acts and/or records thereof, including criminal records, of every nature and kind in their custody by virtue of the various official capacities as such clerk of court. . . . (emphasis added). *Page 2 
 (B) Such clerks of court . . . are hereby authorized to purchase the necessary microphotographic equipment and equipment used to retrieve from storage microfilm copies, to lease such equipment or to contract with competent independent contactors, or both, according to the discretion of said clerks of court and ex officio recorders and registers, to cause the records described in this section to be copied and reproduced by means of the microphotographic process. (emphasis added).
Although LSA-R.S. 44:39 allows the several clerks of court to microfilm court documents, you should also read LSA-R.S. 44:40
which allows all persons and public bodies having custody and control of public records to digitize those records. However, as pointed out in a previous opinion by this office, the Legislature created the Division of State Archives to provide for a system of preserving public records. La. Atty. Gen. Op. No. 02-0373, (Seealso, LSA-R.S. 44:401). Accordingly, it is the Division of State Archives that has the power to determine whether backup records may be kept offsite by a private company.
Also, Subsection (B) of LSA-R.S. 44:39 allows the clerks of court discretion in determining whether it will microfilm its records or have those records contracted to an independent contractor. Nevertheless, you should contact the Division of State Archives on the use of those independent contractors and the extent of their services. (See, The Louisiana State ArchivesRecords Management Handbook, July 16, 2002) available atwww.sec.state.la.us/archives/records/rmhandbook.pdf.
In answer to question number three, subsection (F) provides that:
 (F) When a clerk of court certifies that a copy of a record preserved by him using a method provided for in this Section is true and correct, the certified copy of the record shall be received in evidence, if relevant, by any court or administrative agency as prima facie proof of its contents.
Finally, in answer to question number four, the law states that once a document has been digitized or scanned into a computer it cannot be altered. However, it is the opinion of this office that the purpose of microfilming, digitizing and/or scanning these documents is to preserve for use these documents by various agencies and the citizens, in an efficient and economically managed method that insures their integrity and availability. *Page 3 
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Sincerely,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
By:_______________________________
 CHARLENE PATTERSON
 Assistant Attorney General
 *Page 4 
 ATTACHMENT
 October 31, 2005
J. Phillip Terrell, Jr. Rhonda Hensell
 Judge Deputy Criminal Clerk
 Hon. Charles C. Foti, Jr.
Leslie F. Prestridge Attorney General, State of Louisiana
Judicial Administrator 1885 North 3rd St. Valerle Paul
Clerk of Clerk Baton Rouge, LA 70802 Deputy Civil Clerk
 P.O. Box 94005
Clerk Phone: Baton Rouge, LA 70804 Vickey Williamson
(318) 449-5656 Deputy Civil Clerk
 Fax: OR #05-0408
(318) 473-0960 BRAUD Patterson
 11/10/05

Dear General Foti:
 As a result of the effects that the recent hurricanes have had on court operations around this state, and in conjunction with the State's archiving laws, Pineville City Court in studying methods for the preservation and access of the records maintained in the office of the Clerk of Pineville City Court. As a result of this ongoing study, I would appreciate an opinion from your office as to the following issues:
 1). May the clerk of a city court keep backup digital records of criminal and civil records on an off-site computer server operated by a private company ?
 2). Under what conditions, if any, may criminal and civil records be sent out of the clerk's office for scanning into a digital format, or must the scanning take place within the clerk's office?
 3). Once records are digitized and scanned, may a clerk of court print them from a computer and then certify them as true copies ?
 4). If the court allows computer access to its records by any other agencies or persons, must that access be limited to read-only, to insure that the records cannot be altered?
 Your opinions, as to these questions, would be most appreciated. I remain, *Page 5 
Respectfully yours,
 ___________________________ LESLIE F. PRESTRIDGE Clerk of Court — Judicial Administrator *Page 6 
 *Page 7 
 OPINION NUMBER 02-0373 90-C PUBLIC RECORDS LA R.S. 44:39
LA R.S. 44:401
LA R.S. 44:410
 Louisiana State Archives is the appropriate agency to recognize whether electronic digitizing is an acceptable means of record preservation under La. R.S. 44:39. State Archives, in their most recent records management handbook has recognized electronic digitizing as an acceptable means of record preservation. The State Archives must approve and authorize a proposal to store public records on CD-ROMs and any destruction of an original public records document.
 Lee Ann E. Butler Staff Attorney Treasurer of the State of Louisiana P.O. Box 44154 Baton Rouge, LA. 70804
Dear Ms. Butler:
You have requested this office to render an opinion on whether storing an original document, as an image on a CD-ROM is an acceptable means of record storage. Specifically you have requested our opinion on whether the Treasury can, without violating La. R.S. 44:39(A)(2)(a), store images of cancelled checks on CD-ROMs while allowing the banking service to dispose of the originals. Although contrary to our previous Attorney General Opinion 98-366, it is the opinion of this office that recent developments have now recognized electronic digitizing as an acceptable means of record preservation.
As your opinion request letter points out, La. R.S. 44:39
allows electronic digitizing of public records as long as the original document is maintained. LA R.S. 44:39. Relating to record preservation, La. R.S. 44:39(A)(2)(a) mandates that "the original source document . . . shall be maintained until such time as electronic digitizing is recognized as an acceptable means of records preservation." La. R.S. 44:39. Thus the question becomes; what agency or department can recognize acceptable means of records preservation?
Under La. R.S. 44:401 the legislature created the Division of State Archives to provide for a system of preserving public records. La. R.S. 44:401. Under La. R.S. 44:410, the State Archivist "shall, with due regard to the program activities of the state and local agencies concerned, prescribe policies and principles to be followed by state and local governmental agencies in the conduct of their records management programs and make provision for the economical and efficient management of records by state and local governmental agencies; by analyzing, developing, prescribing, and coordinating the implementation of standards, procedures, and techniques designed to improve the management of records, to insure the maintenance and security of records deemed appropriate for preservation, and to facilitate the segregation and disposal of records of temporary value; and by effecting the efficient and economical utilization of space, equipment, and supplies needed for the purpose of creating, maintaining, storing, and servicing records," Under these powers, the State Archivist is the agency, which can recognize electronic imaging as an acceptable means of records preservation.
On July 16, 2002 the Louisiana State Archives, while recognizing the importance of safeguarding public records, enacted new policies with regard to electronic imaging In *Page 8 
On July 16, 2002 the Louisiana State Archives, while recognizing the importance of safeguarding public records, enacted new policies with regard to electronic imaging. In the most recent Records Management Handbook, State Archives states: "In accordance with La. R.S. 44:410, the State Archivist hereby recognizes electronic digitizing (imaging) as an acceptable means of records preservation for the maintenance of records to be retained for a period of ten years or less." LA. STATE ARCHIVES, RECORDS MANAGEMENT HANDBOOK 16 (July 16, 2002). The State Archives continues to set new policies and procedures under its powers by mandating that: "[a]gencies who utilize imaging for the maintenance of records series with active and inactive retention periods combined totaling less than ten years, may use imaging without maintaining the original or a microfilm copy of the original, provided that (1) the records series has been included on the master retention schedule for that agency and the master schedule has been approved by the State Archivist; (2) proper approval has been secured from the State Archives prior to the destruction of original source documents; (3) records series maintained in such a format are stored in compliance with the retention requirement (the retentions on the same optical disk or sub directory). The schedule must address what back up and security copy methods and processes are used to ensure the integrity of the data converted to this format." LA. STATE ARCHIVES, RECORDS MANAGEMENT HANDBOOK 16, 17 (July 16, 2002).
While it is the opinion of this office that electronic imaging has been recognized as an acceptable means of record preservation, the policies and procedures of the State Archives must be adhered to. Only the State Archivist, not this office, has the power to authorize the specific proposal you described in your opinion request letter. Therefore authorization to store images of cancelled checks on CD-ROMs, while allowing the banking service to dispose of the originals, must be approved by State Archives before any action is taken. The details on how to obtain such authorization and approval can be found in the above-mentioned RECORDS MANAGEMENT HANDBOOK, which is located on the web atwww.sec.state.la.us/archives/records/rm-handbook.pdf.
Please note this opinion does change our previous Attorney General Opinion 98-366 due to the recent development of new policies by the Louisiana State Archives. We trust this opinion answers your questions, but should you need further assistance, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By:______________________ CHARLES H. BRAUD Jr. Assistant Attorney General *Page 9 
 LSA-R.S. 44:401
 This document has been updated. Use KEYCITE.
West's Louisiana Statutes Annotated Currentness
 Louisiana Revised Statutes
 Title 44. Public Records and Recorders (Refs Annos)
 Chapter 5. State Archival, Historical, and Public Records Services (Refs Annos)
 § 401. Division of archives, records management, and history

The division of archives, records management, and history is hereby created and established as a division of the Department of State, to perform all duties, functions, and responsibilities and to exercise all authority or authorities heretofore assigned to the State Archives and Records Service by providing for a statewide system of managing and preserving government records which will meet informational requirements and serve the rights and interests of government and its citizens, and specifically to:
(1) Provide that these records are created and managed efficiently, economically, and in a manner to insure their integrity and availability.
(2) Preserve for use, by the government and citizens, those records which, because of their intrinsic, historical, or evidentiary values become a part of the legacy government leaves for the state.
CREDIT(S)
Acts 1985, No. 238, § 1, eff. July 6, 1985.
HISTORICAL AND STATUTORY NOTES
 2006 Electronic Update
Chapter 5 of Title 44 of the Louisiana Revised Statutes of 1950, formerly comprised of R.S. 44:401 to 44:430, was amended and reenacted by Acts 1985, No. 238, § 1, to consist of R.S.44:401 to 44:427. For disposition of the subject matter of the sections of Chapter 5 as they existed prior to the 1985 amendment and reenactment, see the Disposition Table preceding this section.
The paragraph designations in this section as contained in Acts 1985, No. 238, were made on authority of R.S. 24:253.
A prior R.S. 44:401 was repealed in 1972. See main volume notes.
Title of Act:
An Act to amend and reenact Chapter 5 of Title 44 of theLouisiana Revised Statutes of 1950, to be comprised of R.S.44:401 through 427 relative to public records and their preservation and management generally; to establish the division of archives, records management, and history within the Department of State; to define duties and responsibilities of the division; and to provide for related matters. Acts 1985, No. 238. *Page 10 
NOTES OF DECISIONS
 2006 Electronic Update Construction and application 1
1. Construction and application
Louisiana State Archives is the appropriate agency to recognize whether electronic digitizing is an acceptable means of record preservation under La. R.S. 44:39. State Archives, in their most recent records management handbook has recognized electronic digitizing as an acceptable means of record preservation. The State Archives must approve and authorize a proposal to store public records on CD-ROMs and any destruction of an original public records document. Op.Atty.Gen., No. 02-0373, October 25, 2002.
LSA-R.S. 44:401, LA R.S. 44:401
Current through all 2006 First Extraordinary Session Acts